## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CELLECTIS S.A.,

        *Plaintiff,*

    v.

PRECISION BIOSCIENCES, INC. and
DUKE UNIVERSITY,

        *Defendants.*

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Cellectis S.A. ("Cellectis"), by and through its attorneys, hereby brings this

action against Defendant Precision Biosciences, Inc. ("Precision") and Defendant Duke

University ("Duke" and, together, with Precision, "Defendants") and requests a jury trial on all

issues so triable. Plaintiff alleges, on personal knowledge as to its own activities and on

information and belief as to all other matters, as follows:

### THE PARTIES

1.     Plaintiff Cellectis is a corporation organized under the laws of France, and

maintains its principal place of business at 8 Rue De La Croix Jarry, 75013 Paris, France.

2.     Defendant Precision is a corporation organized under the laws of Delaware, and

maintains a principal place of business at 302 East Pettigrew Street, Dibrell Building, Suite A-

100, Durham, NC 27701.

1

3.      On information and belief, Defendant Duke is a North Carolina University located in Durham, North Carolina, with a place of business at 450 Research Drive, Durham, North Carolina.

## NATURE OF THE ACTION

4.      This is an action for declaratory judgment arising under 28 U.S.C. § 2201.  The subject matter of this declaratory judgment action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      This Court has personal jurisdiction, general and specific, over Precision and Duke because:  (a) Precision is incorporated in the State of Delaware and both Precision and Duke knowingly transact business in this judicial district; and (b) both Precision and Duke regularly avail themselves of the benefits of this judicial district, including the jurisdiction of the courts.

7.      Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

## RELATED LITIGATION

8.      This action is related to three other patent actions currently pending in this District before Judge Sue L. Robinson, all styled *Cellectis S.A. v. Precision Biosciences, Inc.* The first is Case No. 1:11-cv-00173-SLR, in which Cellectis is asserting that Precision infringes Cellectis's U.S. Patent No. 7,897,372 ("the '372 patent").  The '372 patent infringement suit was filed in this District on March 1, 2011, and is presently proceeding with discovery.  Trial in that

2

case is set for April 2013.  The second is Case No. 1:11-cv-890-SLR, in which Cellectis filed a

declaratory judgment action against Precision seeking a determination that U.S. Patent No.

8,021,867 ("the '867 patent"), which on information and belief is exclusively licensed to

Precision and assigned on its face to Duke, is invalid and not infringed.  The third is Case No.

1:12-cv-204-SLR, in which Cellectis filed a declaratory judgment action on nine additional

patents against Precision seeking a determination that each of the following patents is invalid and

not infringed by Cellectis:  U.S. Patent Nos. 8,119,361 ("the '361 patent"), 8,119,381 ("the '381

patent"), 8,124,369 ("the '369 patent"), 8,129,134 ("the '134 patent"), 8,133,697 ("the '697

patent"), 8,143,015 ("the '015 patent"), 8,143,016 ("the '016 patent"), 8,148,098 ("the '098

patent") and 8,163,514 ("the '514 patent").  Each of the foregoing patents is, on information and

belief, exclusively licensed to Precision and assigned on its face to Duke.

9.      The present action is a declaratory judgment action concerning another patent

that, on information and belief, is exclusively licensed to Precision and assigned on its face to

Duke, *i.e.*, U.S. Patent No. 8,304,222 ("the '222 patent").  This declaratory judgment action is

related to the other three Delaware patent litigations referenced in the above paragraph because:

all patents-in-suit concern the same field of technology, *i.e.*, "modified" or "altered" I-*Cre*I

meganucleases; the subject patent of this action, namely the '222 patent, the '867 patent (the

subject patent of Case No. 1:11-cv-890-SLR), and each of  the '361 patent, the '381 patent, the

'369 patent, the '134 patent, the '697 patent, the '015 patent, the '016 patent, the '098 patent and

the '514 patent (the subject patents of Case No. 1:12-cv-204-SLR) all allege a claim of supposed

priority on their respective faces to the same patent application filed in the USPTO; Cellectis's

'372 patent-in-suit before this Court is prior art to each of the '867, '381, '361, '369, '134, '697,

'015, '016, '098, '514 and '222 patents; parties in all four cases are the same (*i.e.*, Cellectis and Precision); and  discovery in all four cases likely would substantially overlap.

10.     The present action, Case No. 1:11-cv-890-SLR and Case No. 1:12-cv-204-SLR are also related to a series of previously-pending, but now-dismissed suits that were filed by Precision against Cellectis in the Eastern District of North Carolina (the "E.D.N.C.") between September 26, 2011 and April 24, 2012 (Case Nos. 5:11-cv-00513-H; 5:12-cv-00076-H; 5:12-cv-00077-H; 5:12-cv-00096-H; 5:12-cv-00112-H; 5:12-cv-00124-H; 5:12-cv-00160-H; 5:12-cv-00161-H; 5:12-cv-00174-H; and 5:12-cv-00219-H), also involving the '867, '381, '361, '369, '134, '697, '015, '016, '098 and the '514 patents, respectively, and another E.D.N.C. patent action, Case No. 5:12-cv-00719-H, filed by Precision and Duke on November 6, 2012 against Cellectis that involves the same '222 patent that is the subject of this suit.

11.     Pursuant to an order entered by United States District Judge Howard of the E.D.N.C. on November 20, 2012, each of the above E.D.N.C. Case Nos. 5:11-cv-00513-H, 5:12-cv-00076-H, 5:12-cv-00077-H, 5:12-cv-00096-H, 5:12-cv-00112-H, 5:12-cv-00124-H, 5:12-cv-00160-H, 5:12-cv-00161-H, 5:12-cv-00174-H, and 5:12-cv-00219-H was dismissed for lack of personal jurisdiction over Cellectis in the E.D.N.C., following a motion to dismiss brought by Cellectis and full briefing to the Court by all parties on that issue.  Cellectis's motion to dismiss for lack of personal jurisdiction and all associated briefing were filed well before the November 6, 2012 date on which the E.D.N.C. action on the '222 patent (Case No. 5:12-cv-00719-H) was filed, so the November 20, 2012 order dismissing the other 10 E.D.N.C. cases did not name E.D.N.C. Case No. 5:12-cv-00719-H.  However, in light of the E.D.N.C. Court's determination that there is no personal jurisdiction over Cellectis in the E.D.N.C., Cellectis has asked Precision and Duke to voluntarily dismiss their E.D.N.C. action on the '222 patent.

4

## BACKGROUND

12.     Meganucleases are proteins that can be found in nature in many single-celled organisms. These meganucleases are highly specific "DNA scissors" that are able to recognize their specific binding site (of, *e.g.*, from 12 to over 30 base pairs in a genome) within an organism in which they reside and cleave (or break) the DNA at or near that binding site. "I-*Cre*I" meganucleases are one member of the family of Group I intron-encoded homing endonucleases, which family was classified by scientists years ago when such homing endonucleases were first identified in nature.

13.     Cellectis was founded in 1999 and is a pioneering company in the field of genetic engineering, particularly with regard to the use of meganucleases as innovative tools to enable targeted modifications in DNA. Cellectis's scientists have worked with meganucleases found in nature and developed techniques to design and make engineered meganucleases. For example, Cellectis designs and markets engineered meganucleases that are "tailor-made" to cleave a specific site in a given genome of an organism, thereby enabling modification of the genome at that specific targeted cleavage site.

14.     Cellectis's ground-breaking, engineered I-*Cre*I meganucleases are useful in numerous fields, such as therapeutics (*e.g.*, gene therapy and antiviral therapy), agricultural biotechnology (*e.g.*, addition or removal of a trait and protein production) and for use in generation of transgenic organisms. The claims of the '372 patent define such engineered or tailor-made I-*Cre*I meganucleases (which can be used for genetic engineering) and/or monomers that comprise such meganucleases.

15.     The '222 patent is entitled "Rationally-Designed Meganucleases with Altered Sequence Specificity and Heterodimer Formation"; the '222 patent was issued by the United

States Patent and Trademark Office ("the PTO") on November 6, 2012.  On information and belief, a true and accurate copy of the '222 patent is attached as Exhibit B.

## COUNT I
### INVALIDITY OF THE '222 PATENT

16.     Cellectis repeats and realleges each and every allegation contained in paragraphs 1 to 15 as though fully set forth herein.

17.     Each of the claims of the '222 patent is invalid for failure to comply with one or more sections of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112, and/or unenforceable.

## COUNT II
### NON-INFRINGEMENT OF THE '222 PATENT

18.     Cellectis repeats and realleges each and every allegation contained in paragraphs 1 to 17 as though fully set forth herein.

19.     Cellectis does not directly infringe any claim of the '222 patent, either literally and/or under the doctrine of equivalents, and Cellectis does not induce or contribute to the infringement of any of those claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cellectis hereby prays that the Court enter judgment as follows:

(a)     Declaring that each and every claim of U.S. Patent No. 8,304,222 is invalid and/or unenforceable;

(b)     Declaring that Cellectis does not infringe, either literally and/or under the doctrine of equivalents, any claim of U.S. Patent No. 8,304,222, and Cellectis does not contribute to and/or induce any third parties to infringe that patent;

6

(c)      Declaring that Precision and Duke and each of their respective officers, agents,

employees, representatives, counsel, and all persons in active concert or participation

with any of them, directly or indirectly, be enjoined from threatening or charging

infringement of, or instituting or continuing any action for infringement of U.S. Patent

No. 8,304,222 against Cellectis;

(d)      Declaring this case an exceptional case under 35 U.S.C. § 285;

(e)      Awarding Cellectis its costs and expenses and reasonable attorneys' fees; and

(f)      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Cellectis respectfully demands a jury trial pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure on all issues so triable.

|  |  |
|---|---|
| | */s/ Chad M. Shandler* |
| | Chad M. Shandler (#3796) |
| | shandler@rlf.com |
| *OF COUNSEL:* | Travis S. Hunter (#5350) |
| | hatcher@rlf.com |
| Richard L. DeLucia | Richards, Layton & Finger, P.A. |
| Paul M. Richter, Jr. | One Rodney Square |
| Anne Elise Herold Li | 920 North King Street |
| Kenyon & Kenyon LLP | Wilmington, DE 19801 |
| One Broadway | 302-651-7700 |
| New York, New York 10004-1007 | |
| 212-425-7200 | |
| | |
| December 5, 2012 | *Counsel for Cellectis S.A.* |

RLF1 7676009v.1